IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RICARDO RIVERA | § | |
| v. | § | CIVIL ACTION NO. 5:21cv135 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Relator Ricardo Rivera, a former inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this petition for the writ of mandamus against the staff of the institution, particularly including a case worker (CSW) named Robinson. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Relator states that he is classified as a "low risk" inmate serving a sentence of 108 months. His release date is October 14, 2023, through good conduct time deductions. During a unit team meeting, CSW Robinson told him that a "management variable" had been placed on him by the Bureau of Prisons administrative office in Grand Prairie, Texas. This "management variable" prevented him from going from a low custody prison unit back to camp status due to an incident he had over two years earlier involving a cell phone.

At this same unit team meeting, Relator states that he asked for placement in a halfway house and home confinement as authorized under the First Step Act, but Robinson will only submit requests for home confinement if these requests relate to compassionate release or the Cares Act, which Relator's request did not. Consequently, Relator complains that Robinson will not process

or assist in ensuring that Relator receives credit for his pursuit of education, his mandatory home confinement, or additional halfway house placement.

According to Relator, it is mandatory to give him six months of home confinement because he has a sentence of 108 months. He contends that he should receive the six months in halfway house confinement for which he is already scheduled plus additional time in a halfway house for program participation as well as six months of home confinement.  For relief, Relator asks that "this honorable [court] compel CSW Robinson and staff at FCI Texarkana comply with the First Step Act as to releasing me as stated above, or answer this Court as to their failure to follow statute followed by correction from this Court."

On May 17, 2022, the Court ordered Relator to pay the filing fee of $5.00 or submit an application for leave to proceed *in forma pauperis* accompanied by a certified inmate trust account statement, as required by 28 U.S.C. §1915(b). A copy of this order was sent to Relator at his last known address, but was returned as undeliverable.  Bureau of Prisons records give Relator's current location as a residential re-entry management facility in St. Louis, Missouri; however, Relator has not himself furnished the Court with a change of address.

## II. Discussion

Relator's failure to notify to notify the Court of his current address amounts to a failure to prosecute his case, for which dismissal without prejudice is appropriate under Fed. R. Civ. P. 41(b). However, the case suffers from a more significant flaw. Relator seeks issuance of a writ of mandamus asking the Court to order case worker Robinson and the staff at FCI-Texarkana to assist him in getting all of the home confinement and halfway house time to which he believes he is entitled, but he is no longer at FCI-Texarkana. As such, Robinson and the staff at the prison in Texarkana are not in a position to assist him, and the Court cannot order them to do so; accordingly, Relator's transfer out of Texarkana renders his request moot.  *See generally Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  The petition for mandamus relief should be dismissed on this basis.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for the writ of mandamus be dismissed without prejudice as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of July, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE